UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EUGENE FRANCIS CUYPERS,

        Petitioner,

v.

JESSICA SYMMES, Warden,

        Respondent.

Civil No. 07-106 (JRT/SRN)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In September 1990, Petitioner was convicted in the state district court for St. Louis County, Minnesota, on a charge of first degree murder. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2).)

Petitioner challenged his conviction and sentence on direct appeal, claiming that certain evidence was wrongly admitted at his trial, and that the trial court wrongly refused to instruct the jury on the lesser offense of "heat of passion manslaughter." The Minnesota

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Supreme Court rejected Petitioner's arguments on the merits, and affirmed his conviction and sentence on March 6, 1992.  State v. Cuypers, 481 N.W.2d 553 (Minn.1992), ["Cuypers I"].

Petitioner made no further effort to challenge his conviction or sentence until January 2005, when he filed a post-conviction motion in the state trial court.  (Petitioner's "Memorandum in Support of Petition," [Docket No. 2], p. (6).)  The post-conviction motion presented several new challenges to Petitioner's conviction, including "judicial bias, vindictive prosecution, attorney client conflict, invalid indictment, [and] diminished capacity." (Petition, p. (3), ¶ 11(a)(3).)  Petitioner's post-conviction motion was denied by the trial court, and he then filed another appeal.  The Minnesota Supreme Court upheld the denial of Petitioner's post-conviction motion on March 23, 2006.  Cuypers v. State, 711 N.W.2d 100 (Minn. 2006), ["Cuypers II"].

Petitioner's current federal habeas corpus petition was filed on January 9, 2007. The present petition lists four claims for relief: (1) "Judicial Bias," (2) "Vindictive Prosecution," (3) "Attorney Client Conflict," and (4) "Invalid Indictment."  (Petition, pp. (5) - (6), ¶ 12.)  However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates.  The statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.[2]

---

[2] Petitioner's state post-conviction motion apparently included the term "newly discovered evidence," but did not include any accompanying explanation. See Cuypers II, 711 N.W.2d at 104-05. More importantly, the current petition does not even mention any new and previously undiscoverable evidence.

It also appears that the post-conviction motion may have included some reference to Blakely v. Washington, 542 U.S. 296 (2004). However, there is no Blakely claim listed in the current petition, and, in any event, Blakely has no bearing on the present statute of limitations analysis because the holding of that case is not retroactively applicable on collateral review. See Alexander v. Addison, 164 Fed.Appx. 780, 781 (10th Cir.) (unpublished opinion) (statute of limitations for prisoner's Blakely claim did not begin to run

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld on direct appeal by the Minnesota Supreme Court on March 6, 1992. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on June 4, 1992 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal.

However, the Eighth Circuit Court of Appeals has held that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, even though Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on June 4, 1992, the statute of limitations did not actually begin to run in this case until April 24, 1996. It follows that the one-year limitations period expired in this case on April 24, 1997. Id. See also Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the

---

when Blakely was decided, pursuant to § 2244(d)(1)(C), because Blakely is not retroactively applicable on collateral review), cert. denied, 127 S.Ct. 64 (2006).

enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions"). Because Petitioner did not file his current petition until January 9, 2007, which was nearly ten years after the statute of limitations deadline, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his post-conviction motion in the trial court. The statute of limitations expired on April 24, 1997, and Petitioner did not file his state post-conviction motion until January 2005 – nearly eight years after the federal habeas limitations period had expired. Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

In short, the tolling provision cannot save the present petition from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006). See also Webster v.

Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, (in April 1997), it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion.[3]

---

[3] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003).  However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'"  Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance.  Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has made no effort to show that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner.  He merely asserts that "it has taken since 1992 to grasp the enormity of these legal issues," and that "years of searching for an attorney was fruitless."  (Petitioner's "Memorandum in Support of Petition," p. (35).)  This clearly is not the type of excuse that can warrant equitable tolling.  See id. ("in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on April 24, 1997. However, Petitioner did not file his current petition until January 9, 2007 – almost ten years after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. In fact, however, Petitioner did not file his post-conviction motion until nearly eight years after the federal statute of limitations had already expired, so there was not an effective § 2244(d)(2) tolling in this case. The Court has further found that equitable tolling cannot be applied here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is clearly time-barred, and this action must be dismissed with prejudice.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, for the reasons discussed above, the Court will also recommend that Petitioner's Motion For Appointment Of Counsel, (Docket No. 4), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's Motion for Appointment of Counsel, (Docket No. 4), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: January 16, 2007

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 31, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.