UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| EUGENE FRANCIS CUYPERS, | Civil No. 07-106 (JRT/SRN) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| JESSICA SYMMES, Warden, | |
| Respondent. | |

---

Eugene Francis Cuypers, #154116, Minnesota Correctional Facility, 5329 Osgood Avenue North, Stillwater, MN 55082-1117, petitioner *pro se*.

Thomas R. Ragatz, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for respondent.

Petitioner Eugene Francis Cuypers brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated January 16, 2007, United States Magistrate Judge Susan Richard Nelson recommended that this Court dismiss the petition as untimely. This matter is before the Court on petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). As explained below, the Court overrules petitioner's objection and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Petitioner was convicted in 1990 of first-degree murder and burglary in the district court for St. Louis County, Minnesota. Petitioner was sentenced to life in prison, and is serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota.

Petitioner challenged his conviction and sentence on direct appeal, claiming that certain evidence was wrongly admitted at his trial, and that the trial court wrongly refused to instruct the jury on the lesser offense of heat of passion manslaughter. On March 6, 1992, the Minnesota Supreme Court rejected petitioner's arguments on their merits and affirmed petitioner's conviction. *State v. Cuypers*, 481 N.W.2d 553 (Minn. 1992). Petitioner took no further action to challenge his conviction or sentence until January 2005, when he filed a petition for post-conviction relief in the state trial court. The petition was denied by the trial court. That decision was affirmed by the Minnesota Supreme Court on March 23, 2006. *Cuypers v. State*, 711 N.W.2d 100 (Minn. 2006). On January 9, 2007, petitioner filed this petition.

## ANALYSIS

Petitioner's § 2254 petition asserts various claims for relief including judicial bias in the trial court, vindictive prosecution, attorney client conflict, and invalid indictment. The Magistrate Judge declined to reach the merits of the petition and instead recommended that the petition be dismissed with prejudice because the petition is barred

under the applicable statute of limitations. Petitioner now objects to the Magistrate Judge's conclusion that the petition is time-barred.

## I.     TIMELINESS OF THE PETITION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003). Under the statute, the one-year limitation period runs from the latest of

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Court agrees with the Magistrate Judge that there is nothing in the petition that suggests that subparts (B) or (D) are applicable.

Petitioner's objection appears to argue, however, that the Supreme Court's decision in *Massaro v. United States*, 538 U.S. 500 (2003), was a new rule of constitutional law made retroactively applicable to cases on collateral review. As such, petitioner invokes the alternative statute of limitations provision under 28 U.S.C.

§ 2244(d)(1)(C). *Massaro* held that claims of ineffective assistance of counsel raised by federal prisoners under 28 U.S.C. § 2255 are not procedurally defaulted on collateral review merely because they were not first raised on direct appeal. *Massaro*, 538 U.S. at 504. In so holding, the Supreme Court noted "the procedural-default rule is neither a statutory nor a constitutional requirement," but is based on the policy objectives of conserving judicial resources and respecting the finality of judgments. *Id.* The Court found that because requiring ineffective assistance claims to be raised on direct appeal promoted neither efficiency nor finality, the procedural default rule should not apply to ineffective assistance claims raised under § 2255. *Id.* As such, the holding in *Massaro* was based not on constitutional or statutory grounds, but rather on policy objectives. Thus, even if *Massaro* applies in the context of § 2254 petitions, *see Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003),[1] this Court finds that *Massaro* did not announce a new constitutional rule that would be eligible for retroactive application to cases on collateral review. *See Ayala v. Workman*, 116 Fed. Appx. 989, 991-92 (10th Cir. 2004) (finding that *Massaro* did not announce a new rule of constitutional law that would be retroactive on collateral review); *Gomez v. Jaimet*, 350 F.3d 673, 678 (7th Cir. 2003). For this reason, the Court concludes that the alternative statute of limitations provision under 28 U.S.C. § 2244(d)(1)(C) is inapplicable to petitioner's claims.

---

[1] In *Sweet*, the Second Circuit found that *Massaro* does not permit state prisoners to raise an ineffective assistance claim in federal court under § 2254 that had not been first raised in state court proceedings. 353 F.3d at 140. *See also Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) (noting that "a federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court").

Because subparts (B), (C), and (D) are inapplicable to petitioner's claims, the Court's analysis turns to subpart (A). Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations began to run when petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." For purposes of 28 U.S.C. § 2244(d)(1)(A), a judgment does not become final until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Because petitioner did not file a petition for writ of certiorari following the Minnesota Supreme Court's affirmation of his conviction and sentence on March, 6, 1992, petitioner's judgment became final, for purposes of 28 U.S.C. § 2244(d)(1)(A), on June 4, 1992.

However, the Eighth Circuit has held that the statute of limitations set forth at 28 U.S.C. § 2244(d)(1) starts running on April 24, 1996, the date when the statute was enacted. *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999). Thus, although petitioner's conviction became final on June 4, 1992, the statute of limitations did not actually begin to run in this case until April 24, 1996. The statute of limitations for petitioner's § 2254 petition therefore expired on April 24, 1997. Because petitioner did not file his current petition until January 9, 2007, nearly ten years after the statute of limitations deadline, the Court agrees with the Magistrate Judge that this petition is time-barred.

While 28 U.S.C. § 2244(d)(2) tolls the statute of limitations when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief in a procedurally proper state court proceeding, "[t]he one year [limitation] cannot be tolled after it has expired." *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006).  Accordingly, if a petitioner fails to initiate state court proceedings until after the one-year statute of limitations expires, then subsequent state post-conviction proceedings will not toll the statute of limitations because there is no federal limitations period remaining to toll.  *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

As explained above, petitioner's conviction became final on April 24, 1997.  He then had one year to initiate state post-conviction proceedings in order to toll the federal limitations period.  However, petitioner did not initiate any state court post-conviction proceedings until January 2005.  Therefore, by the time petitioner filed his first state court application for post-conviction relief, there was no federal limitations period remaining to toll.  Because petitioner filed his federal habeas petition after the deadline, his petition is barred by the statute of limitations.  The Court therefore agrees with the Magistrate Judge's recommendation that petitioner's habeas corpus petition should be dismissed.[2]

---

[2] The Magistrate Judge further recommended that petitioner's motion for appointment of counsel be denied because the petition had stated no facially cognizable claim for relief. The Court agrees with the Magistrate Judge and denies petitioner's motion for appointment of counsel.

## II. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide this petition differently, as the Court dismisses the application on the basis that it was not timely filed.  No reasonable jurist could find this issue debatable.  For this reason, the Court declines to grant a Certificate of Appealability.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 8] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 5].  **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus [Docket No. 1] is **DISMISSED with prejudice**.

2. Petitioner's motion for appointment of counsel [Docket No. 4] is **DENIED**.

3. For purposes of appeal, the Court does not grant a certificate of appealability.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 24, 2007        s/ John R. Tunheim _
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge